PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ CEDEÑO, Defendant and Appellant.

No. 4232.  Argued December 11, 1930.—Decided June 12, 1931.

*Juan B. Soto* for appellant.  *R. A. Gómez* for appellee.

Mr. Justice Texidor delivered the opinion of the Court.

An Act (No. 25) of the Legislature of Puerto Rico, approved June 11, 1921, regulates the weight of loaves of bread made for public consumption and establishes as the standard loaf of bread a loaf weighing one pound avoirdupois, or 453 grams; and provides that loaves of the following weights only shall be manufactured for the purpose of being sold or offered or exposed for sale: One pound avoirdupois, or 453 grams, and its multiples or fractions; one-half pound avoirdupois, or 226 grams; and one-fourth pound avoirdupois, or 113 grams. It also provides that bread sold or offered or exposed for sale shall be wrapped in a paper bag labeled in plain and intelligible Spanish with its correct weight and the name of its manufacturer, and prescribes penalties for violations of the provisions of the act.

The charge against the appellant in the instant case was that, acting as the owner of an establishment for the manufacture and sale of bread, he had exposed for sale short weight loaves of bread, ten of which, upon being weighed on a standard scale of the Bureau of Weights and Measures, registered 408, 410, 433, 395, 421, 408, 425, 406, 406, and 406 grams, respectively.

The defendant filed a demurrer which was overruled, the case went to trial, and the District Court of San Juan found him guilty and sentenced him to pay a fine of ten dollars and, in default of payment thereof, to be confined in jail one day for each dollar left unpaid, with costs. He has appealed from that judgment.

The defendant assigns as error that the act applied in this case is unconstitutional, in that it imposes on sellers of bread illogical and unreasonable restrictions in contravention of the Fourteenth Amendment to the Constitution of the United States; and similarly as to circular No. 80 of the regulations for the execution of said act fixing at 15 grams the tolerance in the weight.

The appellant based his argument on the decision of the Supreme Court of the United States in *Burns Baking Co.* v. *Bryan,* 264 U. S. 504.

The act involved in the *Burns Baking Co.* case, *supra,* was a Nebraska statute, of which we transcribe sections 2 and 3 as follows:

"Sec. 2.—*Bread, standards of weight.*—Every loaf of bread made or procured for the purpose of sale, sold, exposed or offered for sale in the State of Nebraska shall be the following weights avoirdupois, one-half pound, one pound, one and one-half pounds, and also in exact multiples of one pound and of no other weights. Every loaf of bread shall be made of pure flour and wholesome ingredients and shall be free from any injurious or deleterious substance. Whenever twin or multiple loaves are baked, the weights herein specified shall apply to each unit of the twin or multiple loaf.

"Sec. 3.—*Tolerance, how determined.*—A tolerance at the rate of two ounces per pound in excess of the standard weights herein fixed shall be allowed and no more, provided that the standard weights herein prescribed shall be determined by averaging the weight of not less than twenty-five loaves of any one unit and such average shall not be less than the minimum nor more than the maximum prescribed by this Act. All weights shall be determined on the premises where bread is manufactured or baked and shall apply for a period of at least twenty-four hours after baking. *Provided,* that bread shipped into this state shall be weighed where sold or exposed for sale."

From a perusal of the opinion we find that one of the elements there considered was the impossibility of attaining exact weights and measurements in breadmaking, and similarly in regard to the special conditions as to temperature and moisture prevailing in the State of Nebraska at certain seasons. The Court said (p. 514):

"The parties introduced much evidence on the question whether it is possible for bakers to comply with the law. A number of things contribute to produce unavoidable variations in the weights of loaves at the time of and after baking. The water content of wheat, of flour, of dough and of bread immediately after baking varies substantially and is beyond the control of bakers. Gluten is an important element in flour, and flour rich in gluten requires the addition of

more water in breadmaking and makes better bread than does flour of low or inferior gluten content. Exact weights and measurements used in doughmaking cannot be attained. Losses in weight while dough is being mixed, during fermentation and while the bread is in the oven, vary and cannot be avoided or completely controlled. No hard and fast rule or formula is followed in breadmaking. There are many variable elements. Bread made from good flour loses more weight by evaporation of moisture after baking than does bread made from inferior flours. Defendants' tests were made principally with loaves which were wrapped so as to retard evaporation; and it was shown that by such wrapping the prohibited variations in weight may be avoided. On the other hand, the evidence clearly establishes that there are periods when evaporation under ordinary conditions of temperature and humidity prevailing in Nebraska exceeds the prescribed tolerance and makes it impossible to comply with the law without wrapping the loaves or employing other artificial means to prevent or retard evaporation. And the evidence indicates that these periods are of such frequency and duration that the enforcement of the penalties prescribed for violations would be an intolerable burden upon bakers of bread for sale.''

We notice that our statute is not identical with that of Nebraska. There is in our statute a section or article (No. 3) which reads thus:

''Section 3.—That whenever a loaf of bread is sold or offered or exposed for sale, the label of said loaf indicating its correct weight shall also indicate the price of the standard loaf followed by the words 'per pound,' and the price of said loaf, which shall be the same proportional part of the price of the standard loaf as the weight of the loaf in question is of the weight of the standard loaf marked on the label; *Provided. . . .*''

From the wording of the statute it can readily be seen that, although the work of weighing the loaves of bread and of labeling the wrappers with the prices of the standard unit and of each loaf according to its weight is made compulsory, no impossibility is thereby required of the manufacturer, nor can such a requirement be characterized as unreasonable. The instant case is distinct from that of *Burns Baking Co.* v. *Bryan, supra.* In the latter case it

was impossible to comply with the statute. In the case at bar it is perfectly clear that the requirement can be complied with, and that the Legislature, under the constitutional provisions and in the exercise of its functions, was empowered to pass the act in question for the protection of the public.

For the foregoing reasons, the judgment appealed from must be affirmed.